THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* FRANK FRANKEL and Others, Defendants.

Supreme Court, Kings County, June 3, 1933.

*Martin W. Littleton, Jr., Assistant District Attorney,* for the plaintiff.

*David Tolins,* for the defendants.

MAY, J. This is an application to change the place of trial from Nassau county to some other county in the State of New York, upon the ground that the defendants cannot secure a fair and impartial trial in said county. It is true that the burden of affirmatively establishing the claim that a fair trial cannot be had rests upon the defendants, and while no affidavits of residents of the county of Nassau have been submitted herein on the part of the defendants to establish such contention, nevertheless the court has the right to draw reasonable conclusions from all of the facts and the surrounding circumstances for the purpose of making a proper determination of this motion.

The charge against the above-named defendants, the mayor of the city of Long Beach, and two other members of the common council of the city of Long Beach, is that they officially diverted funds collected through taxation from the taxpayers of the city of Long Beach, and used them solely for the benefit of the city of Long Beach in violation of their duty to allocate a part of the same to the county of Nassau and to the State of New York. But three of the five members of the common council were indicted; the other two, for reasons unknown, were not indicted.

It is no common occurrence that the mayor of any city is criminally charged through an indictment, and such fact, in and of itself, must of necessity attract widespread attention, not only in the city but in every part of the county in which such city is located. It is a matter of common knowledge that but recently the said mayor was indicted upon another charge, and that such indictment was upon motion dismissed, upon the ground that no crime was properly recited therein. It is a matter also of general knowledge that the said mayor was indicted for another crime within the past three years, and that no trial has been had thereon. It can, therefore, be readily seen that the above-named defendant has, as a result of the three indictments heretofore set forth, been prominently

before the citizenry of the county of Nassau. It is true, however, that reference to the first two of the said indictments was not made in the moving papers herein, and this court must, therefore, on this application give little heed to the fact of such indictments. It does appear that the newspapers of Nassau county carried long, full and complete accounts of the charges herein, and it may readily be assumed that from the general character of the county itself the people of the county of Nassau are more or less intimately acquainted with the indictment and with the nature of such charges.

" Simultaneously with the filing of such indictment, the Grand Jury of said Nassau County handed down its presentment wherein it appears, among other things, that ' the taxpayer of the City of Long Beach, in paying his or her tax, * * * has been deceived by reason of the diversion of the tax funds and must ultimately pay, through the medium of taxation, for this unwarranted diversion. The evidence and the examination into the financial condition of the City of Long Beach warrants the comment that it is extremely doubtful if the City of Long Beach will ever be able to reimburse the county to the extent of its present indebtedness.' This presentment was printed in full in some of the prominent local newspapers, and in newspapers published in the Borough of Manhattan and in the Borough of Brooklyn, which are widely read by the residents of Nassau County. The only inference that can be gathered from the indictment, the presentment and the general news articles is that the taxpayers of Nassau County must pay, through taxation, for the alleged diversion of the funds, amounting to $221,797.24. As every member of the jury drawn in Nassau County must be a taxpayer in such county, it needs no argument to establish the immediate bias and prejudice which must be in the minds of everyone called for jury duty herein when he will, as he must, become acquainted with the fact that he must bear a part of the burden for the alleged malfeasance and misfeasance in office of the defendants herein." (See *People* v. *McCabe*, 148 Misc. 330.)

The arguments advanced by the learned assistant district attorney, which in a large measure are presented in his opposing papers herein, do not even in a small way meet the charges that have been made by the defendants herein. We are concerned only with whether, if it has been established that the defendants cannot obtain a fair and impartial trial in the county of Nassau, they can obtain such a trial in some other county within the State. The influences which of necessity are at work and must militate against the rights of the defendants, if the trial were to proceed in Nassau county, do not exist in any of the larger neighboring counties of the State. The public at large in such counties are but casually inter-

ested in these charges, and it may be safely deduced are in a large measure unacquainted therewith. They will not in the slightest degree be personally affected, and can be relied upon to weigh the charges and the testimony according to their merits.

The motion to change the venue of the action is accordingly granted, the trial to be had in the county of Kings.